IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONALD EDWARDS,**   CASE NO. 2:08-cv-241
　　　　　　　　　　　　　 JUDGE GRAHAM
　　**Petitioner,**　　　　 MAGISTRATE JUDGE KEMP

v.

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

　**Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## FACTS and PROCEDURAL HISTORY

The Ohio Fourth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Edwards was indicted on a charge of burglary in violation of R.C. 2911.12(A)(2). Specifically, the indictment alleged that Edwards "did, by force, stealth or deception trespass in occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of Darlene Burton, when Darlene Burton was present or likely to be present with purpose to commit in the habitation a criminal offense in violation of [R.C.] 2911.12 [theft.]"
>
> According to the state's evidence, the Burtons' home was

> burglarized at approximately 3:30 to 4:00 p.m. on October 20, 2005. Mrs. Burton testified that she and her husband had left their home that day at 1:00 p.m. and returned home between 3:30 and 4:30 p.m. Upon her return, Mrs. Burton noticed that someone had kicked in the front entrance door to her home and she discovered that various items of jewelry were missing.
>
> Paris Puckett identified Edwards as the person who broke into the Burton home. Puckett testified that he saw Edwards, who was wearing a green jacket at the time, kick in the Burtons' front door and enter their home. Puckett testified that he had met Edwards 15 minutes earlier while walking down the street with his sister, to whom Edwards had introduced himself by name. Puckett also identified Edwards by a distinguishing teardrop tattoo he had on his face. Puckett testified that he ran home when Edwards entered the Burton home, he told his sister what had happened, and his sister called the police to report the incident. When Edwards was apprehended a few hours later, he was not wearing a green jacket. That night at the police department, Puckett positively identified Edwards as the person who broke into and entered the Burton home. A few days later, the police recovered a green jacket containing jewelry at a neighbor's home one block from the Burton residence. Mrs. Burton identified the jewelry as that stolen from her home on October 20th.
>
> Edwards was found guilty of burglary by the jury and was sentenced by the court to a term of seven years imprisonment.

State v. Edwards, 2006 WL 3457637 (Ohio App. 4th Dist. November 20, 2006). Petitioner raised the following assignments of error on direct appeal:

> 1. Mr. Edwards was denied effective assistance of counsel when his lawyer allowed the state to introduce inadmissible hearsay statements. These highly prejudicial testimonial statements were also barred under *Crawford v. Washington* (2004), 541 U.S. 36, as they violated Mr. Edwards' right to confrontation. Sixth and Fourteenth Amendments, United States Constitution.

> 2. The evidence was insufficient to sustain a verdict for burglary under R.C. 2911.12(A)(2). The state failed to prove that someone was "present or likely to be present" at the time of the burglary as required by this section of the burglary statute.
>
> 3. The trial court erred by imposing an illegal sentence.

*See id.* On November 20, 2006, the appellate court affirmed the judgment of the trial court. Id. Petitioner filed a timely appeal with the Ohio Supreme Court, in which he again raised these same claims. On April 18, 2007, the Ohio Supreme Court dismissed his appeal. *State v. Edwards*, 113 Ohio St.3d 1467 (2007).

On March 14, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. When the trial counsel violated his duty to his client by failing to object to the State's use of inadmissible hearsay evidence, a court of appeals must apply the prejudice components set forth in *Kyles v. Whitely* to determine prejudice.
>
> 2. The State failed to present sufficient evidence to sustain a verdict for burglary when it does not adequately prove that someone was "present or likely to be present" at the time of the burglary as required by R.C. 2911.12(A)(2).
>
> 3. The trial court erred by imposing an illegal sentence that rested on factors only a jury could find. A petitioner may not be resentenced pursuant to a sentencing scheme in which the presumptive minimum sentence has been eliminated subsequent to the commission of the underlying crime.

It is the position of the respondent that petitioner's claims are without merit.

3

# CLAIM TWO

In claim two, petitioner asserts that the evidence was constitutionally insufficient to sustain his burglary conviction. The state appellate court rejected this claim as follows:

> Edwards contends the state presented no evidence that would tend to show anyone was "present or likely to be present" at the time the Burton home was burglarized. Therefore, Edwards argues, the evidence was insufficient to support his conviction for burglary.
>
> In determining what constitutes sufficient proof that a person is "likely to be present," the Ohio Supreme Court held the state meets its burden if it presents evidence "that an occupied structure is a permanent dwelling house which is regularly inhabited, that the occupying family was in and out on the day in question, and that such house was burglarized when the family was temporarily absent[.]" *State v. Kilby* (1977), 50 Ohio St.2d 21, paragraph one of the syllabus (construing former R.C. 2911.11(A)(3)); see, also, *State v. Fowler* (1983), 4 Ohio St.3d 16, 19. The Court in *Kilby* stated that the "likely to be present" requirement is intended to target "the type and use of the occupied structure and not literally whether individuals will be home from work or play at a particular time." *Kilby,* 50 Ohio St.2d at 25-26.
>
> Thus, the jury was free to infer from the evidence that the Burtons were likely to be present at their home at the time of the burglary. The state presented evidence that the occupied structure was the permanent dwelling house of Mr. and Mrs. Burton, who regularly inhabited it; the Burtons were in and out on the day in question and temporarily absent when their home was burglarized, returning shortly after the offense occurred. There is no evidence that they were regularly gone from home for an extended period of time or were routinely absent from the home at the time the burglary occurred. Cf., *State v. Frock,* Clark App. No.2004CA76, 2006-Ohio-1254; *State v. Brown* (Apr. 28, 2000), Hamilton App. No. C-980907.
>
> Moreover, there is nothing in the records indicating that

> Edwards had any knowledge of the Burtons' schedule or the "likelihood" of their presence in their home. While his knowledge is not controlling, it is a factor that may be considered by the factfinder. *State v. King* (May 30, 1996), Cuyahoga App. No. 68978. The fact that the Burtons were not home at the time of Edwards' trespass was merely fortuitous and should not reduce the gravity of his crime. *Id.,* citing *Kilby, supra* at 25.
>
> When viewed in a light most favorable to the prosecution, the evidence was sufficient to allow the jury to infer the Burtons were likely to be present at the time of the burglary. Accordingly, his assignment of error is meritless.

*State v. Edwards, supra*, 2006 WL 3457637.

The factual findings of the state appellate court are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(e)(1). Further,

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

5

28 U.S.C. §2254(d).

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases.... A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Williams v. Taylor, supra,* 529 U.S. at 405-406.

> Under §2254(d)(1)'s "unreasonable application" clause ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.,* at 411. Petitioner has failed to meet this standard here.

Before a criminal defendant can be convicted consistent with the United States Constitution, there must be sufficient evidence to justify a reasonable trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To determine whether the evidence was sufficient to support a conviction, this Court must view the evidence in the light most favorable to the prosecution. *Wright v. West,* 505 U.S. 277, 296, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992)(citing *Jackson,* at 319). The prosecution is not affirmatively required to "rule out every hypothesis except that of guilt." *Id.* (quoting *Jackson,* at 326). "[A] reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor

6

of the prosecution, and must defer to that resolution.'" *Id.* (quoting *Jackson,* at 326).

Petitioner contends that the house "was unoccupied everyday for several hours during the same time frame," *see Petition*, at 3, and therefore the evidence was insufficient to establish that anyone was likely to be present at the time of the burglary, as required under O.R.C. 2911.12(A)(2).[1] However, for the reasons discussed by the state appellate court, this Court agrees that petitioner's argument is not persuasive and that, when viewing all of the evidence in the light most favorable to the prosecution, *Jackson v. Virginia, supra*, the evidence was constitutionally sufficient to sustain his burglary conviction.

Claim two is without merit.

## CLAIM ONE

In claim one, petitioner asserts that he was denied the effective assistance of trial counsel because his attorney failed to object to inadmissible hearsay. The state appellate court rejected this claim as follows:

> The Sixth Amendment to the United States Constitution and

---

[1] O.R.C. 2911.12(2) provides:

(A) No person, by force, stealth, or deception, shall do any of the following:

\*\*\*

(2) Trespass in a permanent or temporary habitation of any person when any person is present or likely to be present, with purpose to commit in the habitation any misdemeanor that is not a theft offense[.]

Section 10, Article I, of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has generally interpreted this provision to mean that a criminal defendant is entitled to the "reasonably effective assistance" of counsel. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. In order to prove the ineffective assistance of counsel, a criminal defendant must show that (1) counsel's performance was in fact deficient, i.e., not reasonably competent, and (2) such deficiencies prejudice the defense so as to deprive the defendant of a fair trial. *Strickland,* 466 U.S. at 687, 80 L.Ed.2d at 693; *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Failure to establish either element is fatal to the claim. *Strickland,* 466 U.S. at 687, 80 L.Ed.2d at 693.

When considering whether trial counsel's representation amounts to a deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* The United States Supreme Court has noted that "there can be no such thing as an error-free, perfect trial, and * * * the Constitution does not guarantee such a trial." *United States v. Hasting* (1983), 461 U.S. 499, 508-509, 103 S.Ct. 1974, 76 L.Ed.2d 96.

Edwards asserts his trial counsel was ineffective for failing to object to testimony regarding the recovery of the green jacket purportedly worn by Edwards at the time of the burglary. Edwards specifically takes issue with the following colloquy between the prosecutor and a police officer who recovered the green jacket, together with the Burtons' stolen jewelry found inside the jacket, at a residence located one block behind the Burton residence a few days after the burglary:

PROSECUTOR BLANTON: What did you find?

JOSHUA CARVER: I found a green jacket along with a Wal Mart bag containing several different pieces of jewelry.

PROSECUTOR BLANTON: Where was that located?

JOSHUA CARVER: The, the Cupp residence. Mr. and Mrs. Cupp had that and they said they had found it on a car in their driveway.

PROSECUTOR BLANTON: And the driveway's at 401 Plum Street?

JOSHUA CARVER: Yes, sir.

\* \* \*

PROSECUTOR BLANTON: You took it into evidence?

JOSHUA CARVER: Yes, sir.

PROSECUTOR BLANTON: Believing it was related to what?

JOSHUA CARVER: Uh, they, they said there was a burglary a few days prior, and they believed it was a part of that burglary, at least the jewelry inside was.

(Tr. 246).

Edwards asserts that the Cupps' statements to Officer Carver concerning the jacket and the jewelry were inadmissible "testimonial" hearsay. Edwards contends that under *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177, the admission of the Cupps' out-of-court statements violated Edwards' Sixth Amendment right to confront the witnesses against him because the Cupps did not testify at trial and he had no opportunity to cross-examine them regarding their statements to Officer Carver. Edwards contends that the statements were highly prejudicial because they linked him to the stolen jewelry. Therefore, Edwards argues, defense counsel's failure to object to the statements constituted ineffective assistance of counsel.

In analyzing Edwards' claim of error, we must first ascertain

whether the Cupps' statements to Officer Carver were "testimonial." In *Crawford*, the Supreme Court described "testimonial" evidence as "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Id.,* 541 U.S. at 52, 124 S.Ct. at 1364, citing Brief for National Association of Criminal Defense Lawyers et al. at *Amici Curiae* 3. Accord, *State v. Stahl,* 111 Ohio St.3d 186, 2006-Ohio-5482, paragraph one of the syllabus. Statements taken by police officers during the course of interrogations are considered "testimonial" evidence, even though the interrogations are not sworn testimony, 'when the circumstances objectively indicate that there is no * * * ongoing emergency, and that the *primary purpose* of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.' " (Emphasis added in *Stahl.)* *Stahl,* at ¶ 23, quoting *Davis v. Washington* (2006), --- U.S. ----, 126 S.Ct. 2266, 2273-2274, 165 L .Ed.2d 224. In other words, " 'where it is entirely clear from the circumstances that the interrogation was part of an investigation into possibly criminal past conduct * * *.' " *Stahl,* at ¶ 24, quoting *Davis,* supra, 126 S.Ct. 2278, 165 L.Ed.2d 224. After reviewing the transcript, we conclude that the statements at issue are "testimonial." Thus, counsel was deficient in failing to object to their admission.

However, we are not persuaded that defense counsel's performance in failing to object was so prejudicial that Edwards was denied a fair trial. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Bradley,* supra, at paragraph three of the syllabus; *Strickland,* supra. Here, other sufficient, admissible evidence, specifically Puckett's eyewitness identification of Edwards breaking into the Burton home, linked Edwards to the crime. Moreover, nothing in the Cupps' statements directly linked Edwards to the jacket or the jewelry. Accordingly, we reject this assignment of error.

*State v. Edwards, supra.* Petitioner has failed to establish that the state appellate court's

decision denying his claim of ineffective assistance of counsel for failing to establish prejudice under the second prong of *Strickland* was contrary to or an unreasonable application of federal law, or based on an unreasonable determination of the facts in light of the evidence presented so as to justify federal habeas corpus relief. 28 U.S.C. §§2254(d), (e).

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668 (1983); *see also Blackburn v. Foltz,* 828 F.2d 1177 (6th Cir.1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.,* at 694.

"A reasonable probability is a probability sufficient to undermine confidence in the outcome. "*Id.,* at 697. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland,* 466 U.S. at 697.

> It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.
>
> ***
>
> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury.... Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Id.,* at 693-96.

Petitioner requests the Court to apply *Kyles v. Whitely*, 514 U.S. 419 (1995), to determine whether he was prejudiced by counsel's failure to object. However, *Kyles v. Whitely, supra*, involves the test applied to determine whether a defendant has been prejudiced based upon prosecutorial misconduct. Here, in view of Puckett's testimony identifying petitioner as the burglar who was wearing a green jacket at the time, and in light of the fact that the hearsay testimony did not directly link petitioner to either the jacket or the burglary, this Court agrees that petitioner cannot establish prejudice from counsel's failure to object to Officer Carver's testimony that the Cupps' had found the

12

green jacket on their driveway and believed it was a part of the burglary.

Claim one is without merit.

### CLAIM THREE

In claim three, petitioner asserts that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004), and that application of *State v. Foster*, 109 Ohio St.3d 1 (2006), violated the Ex Post Facto Clause. This claim is plainly without merit. The state appellate court rejected the claim as follows:

> Edwards asserts that his seven year, non-minimum sentence is illegal because the trial court engaged in impermissible judicial factfinding when it sentenced Edwards. He contends that the court's determination that he had previously been to prison is a factor listed under R.C. 2929.14(B)(1), which was held unconstitutional in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, paragraph one of the syllabus. Edwards maintains that in accordance with *Foster* this Court must vacate his sentence. But he also contends that the severance and resentencing remedy outlined in *Foster* violates the ex post facto and due process clauses of the U.S. Constitution because it effectively increases the presumptive sentences for first-time offenders and exposes those convicted of fourth and fifth degree felonies to the statutory maximum. Edwards urges this Court to exercise its discretion and modify his sentence to the statutory minimum rather than remand for re-sentencing as directed in *Foster* .
>
> In *Foster,* the Ohio Supreme Court found that several of Ohio's sentencing statutes were unconstitutional to the extent they required judicial fact-finding before imposition of maximum, consecutive, or greater-than-minimum sentences. *Id.,* ¶ 83. In constructing a remedy, the Court used the remedy employed in *United States v. Booker* (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, and excised the portions of statutes, including R.C. 2929.14(B), which it found offended constitutional principles announced in *Apprendi* and *Blakely,* supra. *Foster,* at ¶¶ 97, 99.

13

The court in *Foster* directed that a defendant who was sentenced under the unconstitutional and now void statutory provisions must be re-sentenced. *Foster,* at ¶¶ 103-106. Under *Foster,* trial courts now have full discretion to impose a prison sentence within felony sentencing ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant. *Foster,* ¶¶ 36-42; *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, ¶¶ 37-38. However, in exercising that discretion, trial courts must carefully consider R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. *Id.* R.C. 2929.12 directs sentencing courts to consider factors that indicate the offender is likely to commit future crimes, including whether "the offender has a history of criminal convictions." See R.C. 2929.12(D)(2).

In this case, Edwards was convicted of burglary under R.C. 2911.12(A)(2), a second-degree felony. R.C. 2929.14(A)(2) provides a sentencing range of two to eight years imprisonment for second-degree felonies. At the sentencing hearing, the trial court made the following remarks when it imposed sentence upon Edwards:

"Mr. Edwards, *based upon your prior criminal record which consists of at least four felonies,* the fact that you've been sentenced to prison for four different times, and I understand one of those may have been, uh, reversed, you do have four separate prison numbers, obviously a community sanction would not be the appropriate sentence in this case. The seriousness of this offense calls for a lengthy prison sentence. The Court finds that based primarily upon your prior record, the fact that this was a burglary, which this court considers a crime of violence, and the fact that, uh, you committed this offense in front of, in front of a witness, sort of like you were daring somebody to charge you with the offense the court is going to impose a sentence of seven years in the State Penal System, ..." (Emphasis added).

In its sentencing order entered the same day, the court stated that it "has considered the record, oral statements, and any

> victim impact statements, as well as the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12."
>
> Notably, the trial court did not reference R.C. 2929.14(B) or its factors either at the sentencing hearing or in its sentencing order. Instead, the court appropriately considered the purposes and principals of sentencing under R.C. 2929.11 and factors under R.C. 2929.12 relating to the seriousness of Edwards' offense and his recidivism. The court's observation that Edwards has four prior felony convictions comports with R.C. 2929.12(D)'s requirement that the sentencing court consider the offender's history of criminal convictions. Therefore, in determining that Edwards had a prior criminal record, the court did not engage in improper judicial factfinding as held in *Foster*, and Edwards' sentence is not based on statutory provisions held to be unconstitutional and void in *Foster*. Edwards' additional claim that *Foster* is violative of ex post facto and due process concerns is not ripe for our review because Edwards was not sentenced under *Foster*. The judgment entry of sentencing bears the file date of January 26, 2006 and indicates the hearing occurred the same day. The Ohio Supreme Court decided *Foster* on February 27, 2006. Thus, the trial court could not have applied *Foster*. See *State v. Ervin*, Cuyahoga App. No. 87333, 2006-Ohio-4498, ¶ 39; *State v. Wood*, Lucas App. No. L-05-1420, 2006-Ohio-4910, ¶ 7.
>
> Because the trial court appropriately considered R.C. 2929.11 and 2929.12, did not engage in impermissible judicial factfinding under R.C. 2929.14(B), and sentenced Edwards to a prison term within the sentencing range set forth in R.C. 2929.14(A)(2), Edwards' sentence is valid; he was not sentenced under the statutory provisions declared unconstitutional and deemed void in *Foster*. Accordingly, we affirm the seven-year prison term imposed upon Edwards, and overrule his final assignment of error.

*State v. Edwards, supra.* Again, petitioner has failed to establish that the state appellate court's decision is unreasonable so as to justify federal habeas corpus relief. 28 U.S.C.

15

§§2254(d), (e); *Williams v. Taylor, supra.*

In *Blakely,* the Supreme Court refined the rule in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi,* the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490. *Blakely* clarified *Apprendi* by defining "statutory maximum" as the highest sentence a judge may impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely,* 542 U.S. at 303. As noted by the state appellate court, the trial court justified imposition of sentence based upon petitioner's prior record and from the facts reflected in the jury's verdict. *See Sentencing Transcript.* Therefore, petitioner's sentence did not violate *Blakely.* Further, since the trial court sentenced petitioner prior to *Foster*, petitioner's Ex Post Fact Clause claim is meritless.

Claim three is without merit.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B) 1; Rule 72(b), Fed.R.Civ.P.

The parties are specifically advised that failure to object to the *Report and*

16

*Recommendation* will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge